**In re CHASE & SANBORN CORPO-
RATION f/k/a General Coffee
Corporation, Debtor.**

**Paul C. NORDBERG, as Creditor
Trustee, Plaintiff,**

**v.**

**ARAB BANKING CORPORATION,
Defendant.**

**Bankruptcy No. 83–000889 BKC–AJC.
Adv. No. 86–0493 BKC–AJC–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 30, 1992.

Ronald G. Neiwirth, Miami, Fla., Joel S. Weiss, Esanu Katsky Korins & Siger, New York City, for Creditor Trustee.

Alan McLean, New York City, Alan G. Greer, Floyd Pearson Richman Greer, Weil Brumbaugh & Russomanno, P.A., Miami, Fla., Michael Iovenko, Breed Abbott & Morgan, New York City, for Arab Banking Corp.

## MEMORANDUM AND ORDER DENYING MOTION TO CONSOLIDATE

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before the Court on October 2, 1991, at which time the Court heard oral argument on the motion by defendant Arab Banking Corporation ("ABC") to consolidate for trial ABC's counterclaim in this adversary proceeding ("*Arab I*") with a pending claims objection matter between the Creditor Trustee and ABC ("*Arab II*"). The Creditor Trustee opposes ABC's motion on the grounds that consolidation is unwarranted and would be highly prejudicial to the Estate.

For the reasons set forth below, ABC's motion is hereby denied. Consolidation would improperly and unjustifiably reopen the record on the *Arab I* counterclaim, which has been closed for over five years now, and permit ABC another opportunity to retry that counterclaim, which would prejudice the Creditor Trustee.

*Procedural Background*

In order to understand this motion and the Court's decision, certain procedural background is necessary.

The Debtor filed its petition for Chapter 11 reorganization on May 18, 1983. At the outset, this case was jointly administered with three other related Chapter 11 cases (i.e., the petitions filed by Alberto Duque, Colombian Coffee Co. and Domino Investments, Ltd.). Prior to the bar date, ABC filed and twice amended a proof of claim with a caption listing all four of the jointly administered cases. In August 1984, a reorganization plan was confirmed and the Creditor Trustee was appointed in this case, and thereafter this case was administered separately from the other three cases, each of which had its own trustee.

In June 1985, the late Honorable Thomas C. Britton, to whom this case was previously assigned, entered an order (the "Abating Order") that in essence directed the Creditor Trustee first to pursue recoveries for the Estate and not to pursue objections to certain claims, including ABC's, until cer-

tain events occurred. Order Abating Proceedings on Creditor Trustee's Objections to Claims, dated June 3, 1985 (C.P. 1239). Judge Britton reasoned that as the Estate at that time had very little funds, it made no sense to litigate objections to general unsecured claims because it appeared that there might not be any distribution to such creditors. Judge Britton, therefore, instructed the Creditor Trustee to pursue collection efforts for the Estate first and then, if and when the Estate had sufficient funds to make a distribution to general unsecured creditors, the Creditor Trustee could litigate his objections to claims.

Among the Creditor Trustee's collection efforts was the instant *Arab I* adversary proceeding that sought to recover from ABC preferential and fraudulent transfers. ABC asserted in this proceeding, over the Creditor Trustee's opposition, an $11,000,-000 fraud counterclaim. The counterclaim was served on August 27, 1986, long after the claims bar date and the confirmation of the Debtor's Plan of Reorganization. ABC insisted that the counterclaim be tried at the same time as the Creditor Trustee's preference and fraudulent conveyance claims.

Judge Britton conducted a full trial on both the Creditor Trustee's claims and ABC's counterclaim in September 1986, and found with respect to the counterclaim:

> "Defendant has ignored its counterclaim in its trial memorandum and its supplemental trial memorandum. I am not aware of any evidence in this record offered in support of the counterclaim. If it has not been abandoned by defendant, it has been rendered moot by the remaining decisions reached in this Order. The claims' bar date in this bankruptcy case was January 16, 1984. This claim is barred, therefore, except as an offset against any recovery effected by the plaintiff against this defendant. *Slaw Construction Corp. v. Hughes Foulkrod Construction Company (In re Slaw Construction Corp.),* 17 B.R. 744, 748 (Bankr. E.D.Pa.1982). Defendant is entitled to no relief upon its counterclaim."

Memorandum Decision dated September 19, 1986 (Adv. C.P. 31).

ABC took an appeal from this decision on the counterclaim, arguing that Judge Britton's findings of fact were clearly erroneous and that, therefore, Judge Britton had reached the wrong result. ABC, however, did not argue and has never argued that Judge Britton committed any errors in the conduct of the trial (e.g., any evidentiary errors) or that ABC was in any way precluded from or restricted in presenting its case or that it wanted or was entitled to a new trial. Arab solely sought reversal of Judge Britton's findings and his ultimate conclusion—but not a new trial or the opportunity to introduce new evidence.

Neither the district court nor the Eleventh Circuit found any error in Judge Britton's handling of the counterclaim and the trial in *Arab I;* neither appellate court ordered a new trial on the counterclaim; and, in fact, neither granted Arab any relief on its appeal. All the Eleventh Circuit stated with respect to the counterclaim was contained in a single footnote:

> "ABC also raised, in the bankruptcy court, a counterclaim against Chase & Sanborn in the amount of $11 million. The bankruptcy court, noting that there appeared to be no evidence supporting the claim, found it to be time-barred except as a possible offset to any recovery obtained by Chase & Sanborn. *See* Bkr. Ct.Op. at 13. Because the bankruptcy and district courts denied any recovery to Chase & Sanborn, neither court had occasion to discuss the counterclaim further. While ABC appears to have preserved the issue of the counterclaim on appeal before this Court, ABC has not explained the nature or basis of the claim before this Court, and we are not in a position to analyze its merits. We therefore leave any remaining issues involving the counterclaim to be resolved in the first instance by the bankruptcy court on remand."

*Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588, 593 n. 9 (11th Cir.1990). The Eleventh Circuit also reversed certain rulings the

bankruptcy and district courts had made against the Creditor Trustee on his preference claims and remanded the case to this Court. *Id.* at 595–600.

While *Arab I* was pending on appeal, the conditions specified in the Abating Order were satisfied, and in May 1988, the Creditor Trustee brought objections to certain proofs of claim, including ABC's, in accordance with the terms of the Abating Order. That contested claims objection matter is known as *Arab II.* The objections and claims litigated in *Arab II* involved ABC's $5.3 million loan deficiency claim, $1.2 million constructive trust claim, $3.3 million fraud claim, and an attorneys' fees claim in excess of $2 million. In an order dated June 22, 1988 (C.P. 1519), Judge Britton ruled on the Creditor Trustee's objections. Judge Britton ruled in favor of the Creditor Trustee on the constructive trust and fraud claims and in favor of ABC on the loan deficiency claim and deferred decision on the attorneys' fees claim. Order on Trustee's Objections to Claim of Arab Banking Corporation, dated June 22, 1988 (C.P. 1519). Both parties appealed that order to the district court, which held that ABC should be allowed to amend its proof of claim, remanded the contested matter to this Court and directed that this Court conduct further proceedings on the objections to the proof of claim as amended. Memorandum Opinion, Case No. 88–1539–CIV–SCOTT (S.D.Fla. Oct. 18, 1990) (Scott, J.).

Thereafter, ABC made the instant motion to consolidate *Arab I* and *Arab II* for trial.

### ABC Has No Right To Another Trial On The Counterclaim In Arab I

One of the Creditor Trustee's primary objections to consolidation is that it would have the effect of allowing ABC to reopen the record on the counterclaim in *Arab I,* which has been closed for over five years, and there is no basis in law or fact for reopening the record. ABC offered no reasons in its briefs and at oral argument why the trial record in *Arab I* should be reopened. Nor is the Court aware of any basis for reopening the record or granting ABC a new trial on the counterclaim in *Arab I.* To the contrary, there are substantial reasons for not doing so.

ABC had a full and fair opportunity to try its counterclaim at the trial in 1986. ABC has never asserted any complaint about how that trial was conducted and has never claimed that Judge Britton did anything to restrict ABC's proof in any respect. ABC, and ABC alone, freely chose to marshal the record it did on the counterclaim at the *Arab I* trial; any insufficiency in its proof is solely ABC's responsibility. ABC voluntarily rested its case at the end of the *Arab I* trial. In the more than five years since the close of that trial, ABC has never asked to reopen the record or presented any ground for doing so. The Court is not aware of any such ground.

Nor has any court on appeal or otherwise ever ordered a new trial or the reopening of the record on the *Arab I* counterclaim. ABC did not even seek such relief or present any grounds justifying it in its appeal of Judge Britton's decision on the counterclaim. It is certainly not entitled to that relief now. There is simply no reason to bestow on ABC the windfall of a new trial of its *Arab I* counterclaim.

ABC in support of its motion to consolidate argues that Judge Scott's October 18, 1990 decision in *Arab II* contemplates that ABC may obtain a new trial in *that* contested matter. This argument, of course, says nothing about whether ABC has any right to a new trial in *Arab I.* Judge Scott's October 18, 1990 decision was made in the *Arab II* appeal, was based on the facts, proceedings and record in that contested matter and relates only to *Arab II.* It has no bearing on whether ABC is entitled to a new trial or to reopen the record in *Arab I.*

ABC also argues that there are common issues in *Arab I* and *Arab II* and that consolidation will avoid two duplicative trials. This argument is also unpersuasive. As ABC has no right to another trial in *Arab I,* there will be at most only one trial (i.e., for *Arab II*).

Moreover, to the extent that there are common issues in *Arab I* and *Arab II,* the findings and conclusions made in *Arab I*

will, under the doctrines of res judicata and collateral estoppel, bar the relitigation of these issues in *Arab II*. There is, therefore, no need to litigate any common issues more than once. Indeed, bringing *Arab I* to a prompt conclusion on its existing record will, under the principles of res judicata and collateral estoppel, narrow or eliminate issues in *Arab II*, thereby making any further proceedings in that contested matter more streamlined and manageable than would be the case if the two proceedings were consolidated. *See infra* at 120.

Arab finally argues that consolidation is appropriate because when ABC first asserted its counterclaim in 1986, the Creditor Trustee initially objected on the grounds, among other reasons, that it was procedurally inappropriate to try Arab's counterclaim in an adversary proceeding brought to recover preferences and fraudulent conveyances and that the counterclaim more properly should have been heard in a claims objection contested matter. Arab thus suggests that consolidation now will merely achieve what the Creditor Trustee initially wanted.

What Arab's argument ignores, however, is everything that has happened since the Creditor Trustee's initial objection in 1986, and in particular the September 1986 trial of the counterclaim that ABC insisted on and obtained. Having sought and obtained the benefit of that trial of its counterclaim, ABC cannot now walk away from it merely because ABC does not like the results it achieved. As ABC succeeded, over the Creditor Trustee's objections, in having its counterclaim tried as part of the *Arab I* proceeding, it is now stuck with the consequences of the procedure it persuaded the Court to follow. *See Teledyne Industries, Inc. v. N.L.R.B.*, 911 F.2d 1214, 1217–18 (6th Cir.1990); *California Trucking Association v. Teamsters*, 679 F.2d 1275, 1284 (9th Cir.1981), *cert. denied*, 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982). ABC cannot have it both ways: it insisted on and received an early trial in 1986 and cannot now disavow that trial and urge consolidation for the purpose of obtaining another trial when the results of the first trial prove not to its liking.

### Consolidation Would Prejudice The Creditor Trustee

Consolidation should also be denied because it will prejudice the Creditor Trustee in several respects.

Consolidation would give ABC an unwarranted second crack at proving its counterclaim. Such an unjustifiable opportunity to improve its proof is unfair and prejudicial to the Creditor Trustee, as well as all the other claimants in this bankruptcy, none of whom have been given a second opportunity to prove their claims. In our system of justice, absent defects in the original proceedings, a party gets only one trial to prove its claims; the record cannot be reopened merely "to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir.1986); *accord United States Gypsum Company v. Schiavo Brothers, Inc.*, 668 F.2d 172, 180 (3d Cir.1981), *cert. denied*, 456 U.S. 961, 102 S.Ct. 2038, 72 L.Ed.2d 485 (1982); *McGregor Boulevard Church of Christ v. Walling*, 428 F.2d 401, 405–06 (5th Cir. 1970); *Curtis v. Commissioner*, 623 F.2d 1047, 1053–54 (5th Cir.1980); 9 C. Wright and A. Miller, *Federal Practice and Procedure* § 2582, at 722 (1971) ("A party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact and a conclusion of law.").

There is also no reason to inflict on this Estate the costs and burdens of an unnecessary retrial in *Arab I*.

Additionally, this adversary proceeding was first tried over five years ago and concerns events that occurred over eight years ago. The evidence has grown stale. Allowing ABC to reopen the record at this late date to introduce additional evidence (all of which apparently was previously available to ABC) would prejudice the Creditor Trustee's ability to respond to ABC's additional proof. For example, the Court is

informed by the Creditor Trustee that Camilo Bautista, whose testimony was introduced at the first trial, is now living in South America and could not be subpoenaed or deposed by the Creditor Trustee as a rebuttal witness in response to the additional evidence ABC now wishes to introduce.

Consolidation will also prejudice the Creditor Trustee by needlessly delaying the otherwise imminent final resolution of the *Arab I* adversary proceeding. During the five years it has been litigated, *Arab I* has been fully tried and appealed through the Eleventh Circuit and little remains to be done to conclude it (*see infra* at 120). Conversely, *Arab II* is in an earlier stage of its proceedings, has not yet been appealed to or reviewed by the Eleventh Circuit and will probably require substantial further proceedings (not necessary for *Arab I*) before *Arab II* is concluded. *Arab II* also involves numerous issues and claims (e.g., a $1,200,000 constructive trust claim, a $2,000,000 claim for attorneys' fees and a $5,300,000 loan deficiency claim) not presented in *Arab I*. In sum, there is no reason to delay the final resolution of *Arab I* by consolidating it with *Arab II*.

### Further Proceedings In Arab I and Arab II Without Consolidation

The Creditor Trustee opposes consolidating *Arab I* and *Arab II*, and instead has proposed a procedure for resolving the counterclaim in *Arab I*, that will also narrow and simplify any further proceedings in *Arab II*.

The parties disagree on the significance of the findings of fact on the counterclaim made by Judge Britton at the end of the September 1986 trial in *Arab I*. The Creditor Trustee contends that those findings, and ABC's failure on appeal to reverse them as clearly erroneous, are fatal to and dispositive of the counterclaim. ABC, conversely, argues that its counterclaim survives and further findings of fact are necessary to resolve it.* In addition, the Creditor Trustee also has certain potentially dispositive legal defenses to the counterclaim that have not yet been ruled upon by any court.

The Creditor Trustee therefore has suggested that the parties brief any remaining legal issues respecting the counterclaim and that each submit to the Court any proposed supplemental or additional findings of fact and conclusions of law, with appropriate citation to the existing *Arab I* record, that each believes is necessary or appropriate for resolving the counterclaim. (The Court is informed that the existing record on the counterclaim is not voluminous.) To the extent that any issues decided in this fashion are also present in *Arab II*, the Court's decision in *Arab I* may also bind both parties in *Arab II* under the principles of res judicata and collateral estoppel. Thus, to the extent there are any common issues in *Arab I* and *Arab II* the procedure described above may not only resolve *Arab I*, but may also simplify and narrow the issues in *Arab II*. The procedure proposed by the Creditor Trustee makes sense to the Court.

Accordingly, it is hereby

ORDERED that ABC's motion to consolidate *Arab I* and *Arab II* is hereby denied; and it is further

ORDERED that within 30 days of receipt of this Order, the Creditor Trustee shall serve and file his memorandum of law and proposed findings (with appropriate citations to the existing record in *Arab I*) and conclusions respecting the counterclaim in *Arab I*, and within 30 days after service of the Creditor Trustee's papers, ABC shall serve and file its memorandum of law responding to the Creditor Trustee's papers and submitting its own proposed findings (with appropriate citations to the existing record in *Arab I*) and conclusions respecting the counterclaim, and within 30 days after service of ABC's papers, the Creditor

---

* Even if ABC's position is correct, it still is not entitled to another trial. If ABC is correct about the status of the counterclaim, the most it is entitled to obtain is additional or supplemental findings and conclusions on the existing, closed factual record in *Arab I*. *See e.g., Fontenot v. Mesa Petroleum Co., supra; United States Gypsum Company v. Schiavo Brothers, Inc., supra.*

Trustee shall serve and file his reply papers, if any. Any trial in *Arab II* shall be held, if necessary, after the Court has disposed of the counterclaim in *Arab I.*

DONE and ORDERED.